## APPEAL OF MARY A. FITZGERALD.

Docket No. 810.   Decided October 26, 1926.

*Held*, that no part of the dividends involved herein is taxable at the rates prescribed for the year 1917.

*Herbert Scoville, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income tax for the year 1917 in the amount of $10,431.74.

### FINDINGS OF FACT.

The petitioner is an individual residing in New York City.

During the years 1916 and 1917 the petitioner was the owner of 3,000 shares of the capital stock of the Delaware & Hudson Co. On December 27, 1916, at a meeting of the board of managers of that company, the following resolution was duly adopted:

RESOLVED, That a dividend upon the outstanding $42,503,000 of Capital Stock of this Company, at the rate of nine (9) per cent upon the par value thereof, and amounting in the aggregate to $3,825,270 be, and the same hereby is, declared out of the surplus of the Company, but only in favor of those who shall be stockholders of record of the Company at the close of business upon the dates below specified, namely:

Two and one-quarter (2¼) per cent upon the Capital Stock in favor only of the Stockholders of record upon February 26, 1917, and payable upon March 20, 1917.

Two and one-quarter (2¼) per cent upon the Capital Stock in favor only of the Stockholders of record upon May 28, 1917, and payable upon June 20, 1917.

Two and one-quarter (2¼) per cent upon the Capital Stock in favor only of the Stockholders of record upon August 28, 1917, and payable upon September 20, 1917.

Two and one-quarter (2¼) per cent upon the Capital Stock in favor only of the Stockholders of record upon November 27, 1917, and payable upon December 20, 1917.

RESOLVED FURTHER, That in case of the issue of additional shares of stock in exchange for convertible securities or otherwise, the same shall be entitled to participate in dividends in the same manner as the present outstanding stock of the Company, to wit:

The holders of record upon February 26, 1917, of such additional shares shall be entitled to a dividend of 2¼% thereon payable upon March 20, 1917.

The holders of record upon May 28, 1917, of such additional shares shall be entitled to a dividend of 2¼% thereon payable upon June 20, 1917.

The holders of record upon August 28, 1917, of such additional shares shall be entitled to a dividend of 2¼% thereon payable upon September 20, 1917.

The holders of record upon November 27, 1917, of such additional shares shall be entitled to a dividend of 2¼% thereon payable upon December 20, 1917.

And that the several amounts which may be necessary to pay the same be and they are hereby appropriated for that purpose.

During the year 1917 the petitioner was paid the amount of $27,000, as a dividend on her 3,000 shares of the capital stock of the Delaware & Hudson Co., pursuant to the resolution adopted by the board of managers of the company on December 27, 1916. In her income-tax return for the year 1917, she reported the dividend so received as having been paid from profits or surplus accumulated prior to the year 1917. The Commissioner, however, determined that

$21,136.95 thereof was paid out of earnings or profits for the year 1917 and was therefore taxable at the rates prescribed by law for that year, and that there is a deficiency in tax for the year 1917 in the amount of $10,431.74.

### OPINION.

MARQUETTE: We have heretofore held that a distribution by a corporate dividend out of surplus occurs when the dividend is declared and not when it is paid. *Appeal of A. H. Stange*, 1 B. T. A. 810; *Appeal of Harmon W. Hendricks*, 4 B. T. A. 1257. The dividend herein was declared December 27, 1916, and it therefore constituted a distribution of surplus or profits at that time, regardless of the fact that payment was not made until a later date; and no part of the distribution could therefore have been made from earnings for the year 1917. It follows that the Commissioner erred in taxing any part of the dividends received by the petitioner at the 1917 rates.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*